642 S.E.2d 736

## In the Matter of DARLINGTON COUNTY MAGISTRATE James E. THOMAS, Respondent.

No. 26290.

Supreme Court of South Carolina.

Submitted Feb. 13, 2007.

Decided March 12, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Deborah S. McKeown, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Frederick A. Hoefer, II, of Ballenger Barth & Hoefer, LLP, of Florence, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed sixty (60) days pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a sixty (60) day suspension. The facts as set forth in the agreement are as follows.

### FACTS

Complainant had a child with respondent's son-in-law. On June 21, 2006, respondent's son-in-law appeared in Family Court for a hearing to determine the son-in-law's child support obligation to complainant. It is respondent's understanding that, based upon information provided by his son-in-law, the child support set at the hearing included an amount for the child's daycare fees at a college's Child Development Center.

After the hearing, the son-in-law expressed concern about whether the child was actually enrolled in the college's daycare center. Respondent's daughter, on behalf of her husband, contacted the college to inquire about whether the child was enrolled and attending the daycare. Respondent's daughter thereafter reported to respondent that the college would not release the information to her. At that time, respondent told his daughter to ask whether a subpoena from the magistrate's court would enable the college to release the information. Respondent's daughter did as respondent suggested and advised respondent the college would accept a subpoena.

Respondent then prepared and issued a subpoena which he captioned "South Carolina Family Court" with Case Number "0665954." The subpoena requested documents from the col-

lege regarding the child's enrollment and attendance at the daycare. The subpoena was sent to the college by facsimile with a cover sheet from the Hartsville Magistrate's Office and contained a notation that the documents should be forwarded to respondent's attention.

The college did not comply with the subpoena. On at least three occasions, respondent attempted to contact the college to determine when the documentation would be forwarded to him. A few days later, an attorney representing the college contacted respondent and questioned respondent's authority to issue the subpoena. At that point, respondent told the attorney to shred the subpoena. At the attorney's request, respondent sent the attorney a message by facsimile to ignore the subpoena.

Respondent now realizes he used his judicial position for the benefit of his son-in-law and that he was unfaithful to the law in issuing the subpoena. Further, he realizes that, in effect, he may have misrepresented to college officials that they were bound by the subpoena when respondent knew or should have known that they were not. Respondent recognizes he committed judicial misconduct.

ODC states that respondent has fully cooperated with its inquiries into these matters.

Respondent has prior disciplinary history. On May 3, 2006, the Court issued an admonition to respondent. In that matter, respondent issued a $30.00 check from his civil magistrate account to a motel to cover a one night's stay for a litigant. After receiving notice of ODC's complaint in that matter, respondent deposited the $30.00 back into his civil magistrate account. Additionally, on March 15, 2005, the Commission on Judicial Conduct issued a letter of caution to respondent. In that matter, respondent had committed minor misconduct because he had improperly issued a temporary restraining order without first notifying the defendant and without conducting a hearing with the defendant being present.[1]

---

1. In signing the Agreement for Discipline by Consent which specifically addressed his disciplinary history, respondent has consented to the publication of the prior discipline.

## *LAW*

 By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2B (judge shall not allow familial relationships to influence his judicial conduct or judgment; a judge shall not lend the prestige of judicial office to advance the private interests of others); and Canon 3B(2) (judge shall be faithful to the law and maintain professional competence in it). Respondent further admits that his misconduct constitutes grounds for discipline pursuant to Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Judge's Oath of Office) of Rule 502, RJDE.

## *CONCLUSION*

We find respondent's misconduct warrants a suspension from judicial duties. We therefore accept the Agreement for Discipline by Consent and suspend respondent for sixty (60) days.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.